IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.  4:16-CR-00202-01-JM
4:21-CV-00285-JM

ANGEL ANTONIO BERMUDEZ, JR.

## ORDER

For the reasons set out below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 386) is DENIED.

### I. BACKGROUND

On September 5, 2018, Petitioner pled guilty to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine.[1] On April 3, 2019, he was sentenced to 324 months in prison.[2] His conviction and sentence were affirmed by the Eighth Circuit.[3]

Petitioner requests habeas relief for the following reasons: (1) newly discovered evidence; (2) a double jeopardy violation; (3) "actual prejudice"; and (4) violations of the 4th, 6th, and 8th Amendments.

### II. DISCUSSION

In his Plea Agreement, Petitioner waived his right to appeal or collaterally attack any non-jurisdictional issues in a § 2255 petition except on the basis of ineffective assistance of

---

[1] Doc. Nos. 224, 225.

[2] Doc. Nos. 291, 292.

[3] Doc. No. 353.

1

counsel.[4] None of the claims he raised above involve jurisdictional issues or ineffective assistance of counsel. The Eighth Circuit already affirmed that Defendant's appeal waiver is valid.[5] Furthermore, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[6]

Regarding the "actual prejudice" claim, Petitioner asserts that the "Government attorney took a state investigation that came to an end and with malice used a fabricated affidavit by a lead detective to enter evidence into federal jurisdiction, [so] by continuing prosecution, [the] government attorney committed actual prejudice."[7] It is not clear whether this is a due process claim or a prosecutorial misconduct claim. If it is the former, it was waived by the plea waiver. If it is the latter, the claim is conclusory, so it is insufficient. Furthermore, according to the PSR, the state charges were nolle prossed when this indictment was filed. Even if they were not, there is nothing wrong with both the state and federal government pursuing charges for the same criminal activity.

---

[4]Doc. No. 225.

[5]Doc. No. 353.

[6]*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

[7]Doc. No. 386.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 386) is DENIED.

IT IS SO ORDERED this 27th day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE